UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NADIA WINSTON**                                                                       **CIVIL ACTION**

**VERSUS**                                                                            **NO. 21-1150**

**UNITED STATES POSTAL SERVICE, ET AL.**                          **SECTION "G" (3)**

## ORDER

Before the Court is a Motion to Reconsider (Rec. Doc. No. 7) filed by plaintiff, Nadia Winston ("Plaintiff"). Plaintiff asks the Court to overturn its denial (Rec. Doc. No. 6) of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") (Rec. Doc. No. 2). Plaintiff contends that she has been granted pauper status in other cases, citing *Nadia Winston v. United States Postal Service, et al.*, 2:20-cv-01402-NJB-DMD, a case currently pending in this Court, wherein the Court did indeed grant pauper status. Plaintiff further contends that her income has decreased since she was previously granted pauper status. Plaintiff further points out that she has eight dependents that she is obligated to care for.

"The Federal Rule of Civil Procedure do not recognize 'a motion for reconsideration.'" *Kaden v. Schleese Saddlery Serv. Ltd.*, 2017 WL 7905498, at *2 (W.D. Tex. Nov. 20, 2017) (*citing Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004)). The motion to reconsider is generally interpreted to be a motion to alter or amend judgment under Rule 59(e) or a motion for relief from judgment or order under Rule 60(b). *Id*. The motion to reconsider should not be used to re-debate the merits of a particular motion or advance legal theories that could have been presented earlier. *Id*. (citing *W. C. Bulley v. Fidelity Fin. Serv. of Miss., Inc.*, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000); *AstraZeneca Pharm. LP v. Handa Pharm., LLC*, 2010 WL 11506721, at *1 (W.D. Tex. 2010))."Motions to reconsider 'cannot be used to raise arguments

which could, and should, have been made before the judgment issued.'" *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 313 (5th Cir. 2012) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003). "'[L]itigants are expected to present their strongest case when the matter is first considered.'" *Kaden v. Schleese Saddlery Serv. Ltd.*, 2017 WL 7905498, at *2 (W.D. Tex. Nov. 20, 2017) (citations omitted). "In fact, it 'is an improper use of a motion to reconsider' to file it as 'merely a second attempt to sway the judge.'" *Id*.

Currently, Plaintiff is re-debating the merits of her previously denied Application. Plaintiff advances facts that are not new and which were considered by the Court before it issued its denial. Plaintiff's Application listed, *inter alia*, her gross pay or wages, the amount of money she has in cash or in a checking or savings account, her regular monthly expenses, and all persons who are dependent on her for support. (*See* Rec. Doc. No. 2 at p. 2). After considering these factors, the Court concluded that Plaintiff had sufficient funds to pay the filing fee. (Rec. Doc. No. 6). Plaintiff has not presented any information or evidence that was not available to the Court at the time of her original Application. Accordingly,

**IT IS ORDERED** that the Motion to Reconsider (Rec. Doc. No. 7) is DENIED.

New Orleans, Louisiana, this 5th day of August, 2021.

                                                    **DANA M. DOUGLAS**
                                                  **UNITED STATES MAGISTRATE JUDGE**